United States District Court
Southern District of Texas
**ENTERED**
January 24, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DENISE PAUL, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. H-24-4720 |
| § | |
| PEPPERIDGE FARM, § | |
| INCORPORATED, § | |
| § | |
| Defendant. § | |

### ORDER

Pending before the Court is Defendant's Motion to Dismiss Plaintiff's Original Complaint (Document No. 5). Having considered the Defendant's motion, submissions, and applicable law, the Court determines that the Defendant's motion should be granted.

### I. BACKGROUND

This is an alleged breach of contract case. *Pro se* Plaintiff Denise Paul ("Paul") brings suit against Defendant Pepperidge Farm, Incorporated ("Pepperidge Farm"), a nation-wide edible snack and bakery product company. In 2006, Paul purchased a Pepperidge Farm distributorship from the company for approximately $221,000.00.[1] To finalize the distributorship, Paul entered into a consignment

---

[1] *Defendant's Motion to Dismiss Plaintiff's Original Complaint*, Document No. 5 at 2.

agreement ("the Original Contract") with Pepperidge Farm granting Paul exclusive rights to sell Pepperidge Farm products on behalf of the company in a certain distribution territory.[2] The Original Contract also specified a buyback provision, allowing Pepperidge Farm to purchase the distributorship back from Paul if Pepperidge Farm pays 125% of the distributorship's fair market value.[3] In May 2024, Pepperidge Farm notified Paul of its intent to exercise the buyback provision in the Original Contract, offering Paul $980,131.95 to reacquire the distributorship ("the Purchase Agreement").[4] Pepperidge Farm contends that Paul voluntarily accepted and signed the Purchase Agreement after being given three weeks to consider the agreement and consult independent legal counsel. On August 10, 2024, Pepperidge Farm deposited the purchase price into Paul's bank account. Paul now brings suit in this Court seeking to rescind the Purchase Agreement and regain the distributorship.

Based on the foregoing, on December 2, 2024, Paul filed suit *pro se* in this Court alleging breach of contract. Paul also seeks declaratory relief from the Court that the Purchase Agreement is void based on "a complete failure of consideration

---

[2] *Plaintiff's Complaint*, Document No. 1, Exhibit A (*Consignment Agreement*).

[3] *Consignment Agreement*, *supra* note 2, ¶ 20.

[4] *Defendant's Motion to Dismiss Plaintiff's Original Complaint*, Document No. 5, Exhibit 1 (*Pepperidge Farms Purchase Agreement*).

and [Pepperidge Farm's] exertion of undue influence upon Paul to secure her signature on the void contract."[5] Paul also seeks injunctive relief from the Court compelling the parties to attend arbitration in this matter. Paul also seeks attorney fees in this matter despite her *pro se* status. On December 31, 2024, Pepperidge Farm, filed a motion to dismiss for failure to state a claim upon which relief can be granted. Paul did not respond to Pepperidge Farm's motion to dismiss within either the original response date, or the date of this order.

## II. STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable

---

[5] *Plaintiff's Complaint*, Document No. 1, ¶ 28.

3

to the plaintiff.'" *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

### III. LAW & ANALYSIS

Pepperidge Farm moves to dismiss Paul's complaint, contending that Paul fails to state a claim upon which relief can be granted. Paul did not respond to Pepperidge Farm's motion to dismiss, failing to rebut or offer evidence to counter Pepperidge Farm's contentions. Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4. Regardless of Paul's failure to respond to Pepperidge Farm's motion to dismiss, the Court will consider the merits of Paul's claim against Pepperidge Farm.

*A. Lack of Consideration*

Paul first alleges that the Purchase Agreement with Pepperidge Farm fails for lack of consideration. Pepperidge Farm contends that their promise to pay the purchase price, memorialized in writing, is valid consideration for the Purchase

4

Agreement. Pepperidge Farm makes reference to the well-established tenants of contract law that a future promise to pay a definable amount is sufficient consideration and binding. *See Ayyala v. Soto*, 2014 WL 1614281, at *4-5 (Tex. App.–San Antonio) (finding future promise to pay was sufficient consideration to support lease agreement); *Cowman v. Allen Monuments, Inc.*, 500 S.W.2d 223, 228 (Tex. Civ. App.–Texarkana 1973) (holding that "the agreement of the vendee to pay in the future is sufficient consideration for the promise of the vendor to convey."); *Carter v. S. Tex. Lumber Co.*, 422 S.W.2d 951, 953 (Tex. Civ. App.–Eastland 1967) (holding that an "unconditional promise to pay" a specified amount at a "determinable future time" is adequate consideration). Paul offers no rebuttal. The record is clear that there is no dispute that Pepperidge Farm made an unconditional promise to pay the agreed upon purchase price within thirty calendar days after the execution of the Purchase Agreement. Thus, based on the overwhelming judicial precedent that a future promise of purchase is adequate consideration, the Court declines to rescind the Purchase Agreement for lack of consideration. The Court will now consider Paul's arguments related to coercion.

*B. Coercion*

Paul alleges that she is entitled to rescind the Purchase Agreement because "Pepperidge exerted undue influence upon [her] to secure her signature on the void

contract."[6] Pepperidge Farm contends that Paul has not plead facts sufficient to establish her conclusion that she was coerced into signing the contract. Pepperidge Farm further contends that the only factual allegation made by Paul is that she "believed that she had to accept this offer or she would be entitled to nothing."[7] Paul offers no rebuttal.

"Under Texas law, duress arises when '(1) there is a threat to do some act that the party threatening has no legal right to do, (2) there is some illegal exaction or some fraud or deception, and (3) the restraint [is] so imminent as to destroy a party's free agency without means of protection." *Douglas v. Timex Corp., BTX, Inc.*, 1998 WL 64072739 at *4 (citing *Rosas v. United States Small Bus. Admin.*, 924 F.2d 351, 357 (5th Cir. 1992). The Fifth Circuit has made clear that the defense of undue influence is "difficult to establish" and provide guidance that "emotional strain and negotiation pressure are not by themselves enough to overcome the will of the party to a contract." *Lee v. Hunt*, 671 F.2d 1171, 1178 (5th Cir. 1980).

Here, Pepperidge Farm contends that Paul's conclusions are devoid of any factual allegations necessary to meet the standard to show duress outlined by the Fifth Circuit. More specifically, Pepperidge Farm contends that Paul does not: (1)

---

[6] *Plaintiff's Original Complaint*, Document No. 1 ¶ 28.

[7] *Plaintiff's Original Agreement*, Document No. 1 ¶ 10.

contest that Pepperidge Farm had the contractual right to terminate the Original Contract; (2) allege any facts suggesting that Pepperidge Farm engaged in any act of fraud or deception; or (3) allege any facts suggesting that being offered the Purchase Agreement created a coercive environment. Pepperidge Farm also notes for the Court Paul's full ability to reject the proposed Purchase Agreement, and Paul's subsequent agreement and signature foregoing her rights to arbitration and releasing any rights to dispute the purchase price. Paul offers no rebuttal. Considering the Fifth Circuit's clear guidance regarding a party's burden to prove undue influence, the Court declines to rescind the Purchase Agreement, as the record does not show any coercion or undue influence.

Even construing the complaint liberally, the Court finds that Paul offers no plausible factual basis for her assertions that the Purchase Agreement with Pepperidge Farm should be rescinded. Given the Fifth Circuit's guidance that a Plaintiff must provide enough facts to state a claim for relief that is plausible on its face, the Court finds that Paul's claims should be dismissed. Accordingly, considering there are no other claims pending against Pepperidge Farm, the Court finds that Pepperidge Farm's motion to dismiss should be granted.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant's Motion to Dismiss Plaintiff's Original Complaint (Document No. 5) is **GRANTED**. The Court further

**ORDERS** that Plaintiff Denise Paul's claims against Pepperidge Farm, Incorporated are **DISMISSED**.

**THIS IS A FINAL JUDGMENT**.

SIGNED at Houston, Texas, on this ___24___ day of January, 2025.

_____
DAVID HITTNER
United States District Judge